IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| LLOYD S. MAIER,<br><br>    Plaintiff,<br><br>vs.<br><br>TOM WILSON, ROSS SWANSON, and DIANA KOCH,<br>    Defendants. | Cause No. CV 10-00024-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

Pending is Plaintiff Lloyd S. Maier's Amended Complaint (Court Doc. 7). The Court will now complete the prescreening process required by [28 U.S.C. § 1915](#) and [28 U.S.C. § 1915A](#).

## I. ALLEGATIONS

In the Amended Complaint, Mr. Maier raises four claims. The first three claims and the last portion of the fourth claim will be construed under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Mr. Maier first contends that Defendants agreed in the settlement agreement entered in Civil Action 08-CV-26-H-DWM-RKS

to maintain a list of disapproved religious books. He alleges by not doing so, Defendants injured his right to practice his religion because he does not have access to books on his religion.

Secondly, Mr. Maier contends Defendant Tom Wilson violated his religious rights by changing Wicca church services at the prison from Friday night to Wednesday morning when he is working. He states he is unable to attend the Wednesday morning services since he is working at that time. He also contends Mr. Wilson forces him to practice his faith with other Wiccans who do not practice his type of Wicca and he is forced to use religious tools that are contaminated by other users.

Third, Mr. Maier contends Ross Swanson has been deliberately indifferent to his religious needs by failing to supervise Tom Wilson.

Mr. Maier's fourth claim is construed under the Equal Protection Clause and the Establishment Clause. Maier contends the prison has given special treatment to Native American and Christian groups by: (1) allowing Native Americans to have a medicine bag but not allowing Wiccans to have an amulet bag which is handmade and used for protection; (2) by allowing Native Americans to have a fire pit to heat

rocks for sweats but not allowing Mr. Maier to have fire to send prayers to angels; (3) by allowing the various Christian groups and Native American groups to have separate times at the church but not allowing the different types of Wiccans to have separate times; and (4) he contends Tom Wilson puts restrictions on taro cards by telling inmates they can only purchase them off the canteen.

## II.  ANALYSIS

### A.  Interference with Practice of Religion

As set forth in the Court's prior Order, since RLUIPA "mandates a stricter standard of review for prison regulations" than under the First Amendment *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008) *citing* *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005), the Court will utilize the RLUIPA standards in analyzing Mr. Maier's first, second, and third claim and the last section of the fourth claim.

RLUIPA provides, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest" and does so by "the least

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS–CV-10-00024-H-DWM-RKS / PAGE 3

restrictive means." 42 U.S.C. § 2000cc-1(a).

### 1.  Count 1:  Failure to List Disallowed Religious Books

Mr. Maier first alleges that the failure to post a list of disallowed religious books violated his religious rights because he had no way of knowing when he ordered a book whether it would be allowed.  Mr. Maier admits in both his Complaint and Amended Complaint that eventually the prison did post a list.  (Court Doc. 2-1:  Complaint, p. 4; Court Doc. 7:  Amended Complaint, p. 6).  While he contends this was "too little too late," (Court Doc. 7–Amended Complaint, p. 6)  he makes no allegation that he attempted to order a book which was rejected.

The alleged failure to post a list of disallowed books posed no "substantial burden" on Mr. Maier's religious exercise.  Mr. Maier could have simply asked prison officials prior to ordering a book whether it was allowed.  He does not allege that he attempted to order a book which was rejected.  He has alleged no injury.  His allegations that he might not have been allowed a book he might have ordered are too speculative and vague to state a claim for relief.  This claim will be recommended for dismissal.

Liberally construed, Mr. Maier may also be trying to allege a state law claim for breach of the settlement agreement.  District courts only have supplemental jurisdiction over state law claims that are so related to the alleged federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a).  Since Mr. Maier's allegation regarding the lack of a list of disallowed books fails to state a federal claim, the Court should decline to exercise supplemental jurisdiction over any state law claims for an alleged breach of the settlement agreement.

### 2.  Count 2:  Wiccan Practice at the RAC

Mr. Maier's second claim raises two allegations.  First, he alleges Tom Wilson violated his First Amendment rights and his rights to practice his religion by moving the Wicca service from Fridays to Wednesdays when Mr. Maier is at work.  Mr. Maier does not indicate that he is unable to attend services, just that he must choose between weekly services and going to work.  Having to choose between missing work or going to a weekly prayer service is not a substantial burden on Mr. Maier's religious exercise.  Some decisions suggest requiring

inmates to work instead of attending religious services or disciplining inmates for missing work to attend religious services may rise to the level of a statutory and/or constitutional violation.  *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005) ("[P]unishments to coerce a religious adherent to forgo her or his religious beliefs is an infringement on religious exercise[,]" and a prison policy that "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs . . . imposes a substantial burden on [the inmates'] religious practice."); *Mayweathers v. Terhune*, 328 F.Supp.2d 1086 (E.D.Cal. 2004)(disciplining inmates for missing work to attend religious service was a violation of RLUIPA); *Mayweathers v. Newland*, 258 F.3d 930 (9th Cir. 2001)(same); *Snyder v. Trudell*, 2009 WL 37183 (E.D.Mich.2009) (same); *Henderson v. Ayers*, 476 F.Supp.2d 1168 (C.D.Cal. 2007)(same).  No decisions have been found to suggest that merely "losing out on some money" for attending a one hour weekly service is a substantial burden on Mr. Maier's religious exercise.  This allegation will be recommended for dismissal.

      The second part of Mr. Maier's second claim is that because he

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS–CV-10-00024-H-DWM-RKS / PAGE 6

had to practice with all the other Wiccans at the prison, he was forced to use "tainted ceremonial tools." (Court Doc. 7, p. 12). In the grievances attached to his Complaint, Mr. Maier demanded that "no one will have actcess [sic] to my religious tools and you will have a small alter build so I may practice my religion." (Court Doc. 2-2 , p. 5). The United States Supreme Court has made it clear that "[a] special chapel or place of worship need not be provided for every faith regardless of size. . . ." *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972).RLUIPA does not compel the prison to provide Mr. Maier with his own private time and private "ceremonial tools" necessary to practice his faith in solitary. The prison provides an opportunity and the tools necessary to practice Wicca. It has met RLUIPA's requirements.

     Mr. Maier's second count will be recommended for dismissal

        3. <u>Count 3: Ross Swanson</u>

     In his third count, Mr. Maier alleges Ross Swanson was deliberately indifferent to his religious needs by failing to supervise Tom Wilson. Since Mr. Maier failed to state a viable constitutional

claim against Tom Wilson, this claim must fail.  Additionally, "[n]either a municipality nor a supervisor, however, can be held liable under § 1983 where no injury or constitutional violation has occurred." *Jackson v. Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001); *see also* *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (inadequacy of training must be shown to have actually caused constitutional deprivation in issue).

Mr. Maier's third cause of action will be recommended for dismissal.

### 4. Count 4 part 4:  Taro Cards

In the fourth part of his fourth claim, Mr. Maier contends Tom Wilson put restrictions on taro cards by telling inmates they could only purchase them from the canteen.  Again, Mr. Maier has failed to allege how this was a substantial burden on his religious practice, nor can he.  Mr. Maier admits inmates are allowed taro cards.  The only restriction is that they be purchased from the canteen.  There are no facts alleged to suggest that this practice is a substantial burden on an inmate's religious practice.  This claim will be recommended for dismissal.

## B. Equal Protection and Establishment Clause

Mr. Maier's last count alleges the prison has given special treatment to Native American and Christian groups (1) by allowing Native Americans to have a medicine bag but not allowing Wiccans to have an amulet bag which is hand made and used for protection; (2) by allowing Native Americans to have a fire pit to heat rocks for sweats but not allowing Mr. Maier to have fire to send prayers to angels; and (3) by not allowing the various Christian groups and Native American groups to have separate times at the church but not allowing the different types of Wiccans to have separate times (which was also addressed above in count 2).

Under the Establishment Clause, if an institution provides religious accommodations to inmates, it must do so in a neutral manner. *Rouser v. White*, 630 F.Supp.2d 1165, 1194 (E.D.Cal. 2009); *Kiryas Joel Village School District*, 512 U.S. at 696; *Larson v. Valente*, 456 U.S. 228, 244, 102 S.Ct. 1673 (1982).

To state an equal protection claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally

discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), cert. denied, 543 U.S. 825, 125 S.Ct. 43, 160 L.Ed.2d 37 (2004); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part on other grounds by *Shakur*, 514 F.3d at 884-85.

That equal protection requires reasonable opportunities for all inmates to exercise their religious beliefs does not mean that all religions must receive identical treatment and resources. *Cruz*, 405 U.S. at 322 n. 2.

   1. <u>Amulet and Fire</u>

With regard to Mr. Maier's first two contentions, he has failed to name a defendant responsible for denying him an amulet or a fire to send prayers to the angels. Mr. Maier was specifically advised in the Court's prior Order that he "failed to identify any Defendant responsible for a number of his allegations. A complaint must set forth

the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed.R.Civ.P. Rule 8(a)(2)." (Court Doc. 5, p. 20). Mr. Maier was given an opportunity to amend these claims to identify specific Defendants and he failed to name an appropriate defendant.

This is Mr. Maier's second lawsuit filed against Montana State Prison defendants regarding his practice of Wicca at the prison. His first lawsuit was litigated to the motion for summary judgment stage and was settled. As such, Mr. Maier is familiar with litigation and what is required to state a religious claim in this Court. He was given an opportunity to amend and he failed to successfully do so. As such, these claims should be dismissed.

### 2. Favoritism of Other Religions

Mr. Maier next contends Tom Wilson allowed the various Christian groups and Native American groups to have separate times at the church but did not allow the different types of Wiccans to have separate times. As set forth in the Court's prior Order, the RAC schedule Mr. Maier attached to his Complaint does not demonstrate that any particular religion is being favored over another. Mr. Maier

provides no plausible factual allegations for how his religion is being treated differently from other religions.  There are smaller different sects of all religions and it would be impossible for the prison to accommodate every unique manner of practice for every religion.  As Cruz instructed, all religions do not necessarily have to receive identical treatment and resources.  *Cruz*, 405 U.S. at 322 n. 2.

Mr. Maier is seeking an opportunity to practice Wicca by himself with his own set of tools presumably provided by the prison.  Just because Catholics are given a separate time to practice their faith apart from Jehovah Witnesses, does not mean Mr. Maier is constitutionally entitled to practice by himself.

Mr. Maier presented no plausible factual allegations which establish an Establishment Clause or Equal Protection claim.  This cause of action will also be recommended for dismissal.

## III.  CONCLUSION

### A.   Leave to Amend

Mr. Maier has failed to state a claim upon which relief may be granted.  Mr. Maier was given specific explanation on the defects

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS–CV-10-00024-H-DWM-RKS / PAGE 12

<200b><200b><200b><200b><200b>
<200b><200b><200b><200b><200b>
<200b><200b><200b><200b><200b>
<200b><200b><200b><200b><200b>

contained within his original Complaint and given an opportunity to amend and correct those defects. He did not do so. Mr. Maier is an experienced litigant and is well aware of how to plead a religious claim. The Court finds that any further attempts to amend would be futile. *See* *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As such, this case should be dismissed.

    **B.    "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Maier fails to state a claim upon which relief may be granted.

    **C.    Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a

> criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See* Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Maier's failure to state a claim is so clear no reasonable

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS–CV-10-00024-H-DWM-RKS / PAGE 14

person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of this action, Mr. Maier SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Maier has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Maier's Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and

enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Maier failed to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Maier's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Maier may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of August, 2010.

        *Keith Strong*
        Keith Strong
        United States Magistrate Judge