

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LLOYD S. MAIER, | ) | CV 10-24-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TOM WILSON, ROSS SWANSON, and DIANA KOCH, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Lloyd S. Maier filed an Amended Complaint (dkt #7) on June 16, 2010 raising four claims. The first three claims and the last portion of the fourth claim are construed under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). The remainder of the fourth claim is construed under the Equal Protection or

1

Establishment Clause.

United States Magistrate Judge Strong entered Findings and Recommendation in this matter on August 5, 2010. Plaintiff Maier did not object and therefore he is not entitled to de novo review of the record. 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong found that Plaintiff suffered no injury in his first claim alleging violation of his religious rights by failure to post a list of disallowed religious books. Maier did not allege he attempted to order a book that was rejected, and his claim is too speculative and vague to state a claim for relief. As to Plaintiff's second claim, alleging violation of First Amendment rights and rights to practice religion, Judge Strong found that having to choose between missing work or going to a weekly prayer meeting is not a substantial burden on Plaintiff's religious exercise. Additionally, Judge Strong found that the prison provides an opportunity and the tools necessary to practice Wicca, thus meeting

RLUIPA's requirements. With regard to Plaintiff's third claim, Judge Strong found that since the Plaintiff's claim against Tom Wilson was not a viable constitutional claim, this claim against Ross Swanson for failure to supervise Tom Wilson must fail. Judge Strong found that Plaintiff's fourth claim dealing with restrictions on taro cards does not show a substantial burden on an inmate's religious practice. Inmates can purchase taro cards at the canteen. As to the last count alleging special treatment to Native American and Christian groups, Judge Strong found the Plaintiff failed to name a defendant responsible for the alleged injury. Furthermore, Judge Strong found Mr. Maier presented no plausible factual allegations which establish an Establishment Clause or Equal Protection claim. Upon review, I find no clear error in Judge Strong's Findings and Recommendation.

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #8) are adopted in full.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (dkt #7) is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed as follows:

1. to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

3

2. to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and,

3. to have the docket reflect the Court certifies pursuant to Federal Rules of Appellate Procedure 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain tht Mr. Maier's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

DATED this 7th day of September, 2010.

Donald W. Molloy, District Judge
United States District Court